JONES, JUDGE:
The claimant, Peter Shaffron, Jr., claims damages caused when hot tar splashed on his 1969 Corvette automobile. During the summer of 1971 the claimant was a student at West Virginia University in Morgantown, residing in an apartment on Pineview Drive, State Route No. 6-1/4. The record shows that this was a dead-end asphalt road, with shoulders about one foot in width on either side, and there *177 was no other access to the claimant’s residence. The claimant testified that when the weather was extremely hot the tar in the asphalt ran like water and formed puddles on the road which could not be avoided by any degree of care. The tar collected on the tires and spun off onto the lower parts of the car.
The claimant tried to remove the tar with a standard tar remover but when the tar came off, the paint and some of the fiberglass came off with it. He both called and went to see a Mr. Chittum, a supervisor for the respondent, and Mr. Chittum promised that something would be done to correct the situation. However, the summer went by without any attention to the faulty condition of the road. The claimant tried two or three more times to remove the tar but on each occasion the paint also came off and the fiberglass was grooved and damaged. Then the claimant took his car to Wilson Chevrolet Company in Morgantown, where he obtained an estimate for removing tar and painting both front fenders and the quarter panels in the amount of $114.33.
The claimant was the only witness in the case, the respondent offering no testimony. According to the claimant, a defective condition existed, the respondent had notice thereof, and no attempt was made to correct it, nor is any explanation made by respondent which might justify either the condition or the failure to correct it. The amount of the estimate was not contested.
The Court is not unmindful of its many previous decisions which have held that the State is not an insurer and its duty to travelers is a qualified one, namely, reasonable care and diligence in the maintenance of its highways under all the circumstances. However, based on the record in this particular case, the Court feels that the claimant has made a showing which in good conscience entitles him to recover. Therefore, an award hereby is made to Peter Shaffron, Jr. in the sum of One Hundred Fourteen Dollars and Thirty-three Cents ($114.33).
Award of $114.33.